**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BERRY PELFREY,

Plaintiff,

v. Case No. 8:26-cv-2112-JLB-TGW

PASCO COUNTY BOARD OF COUNTY COMMISSIONERS,

Defendant.
_______________________________/

**ORDER**

Mr. Pelfrey initiated this action by filing a Complaint (Doc. 1), in which he alleges that his constitutional rights were violated when a nurse and an officer discontinued his medication while he was incarcerated at the Land O'Lakes Detention Center in Pasco County, Florida. He names the Pasco County Board of County Commissioners as the only defendant. (*Id.* at 2). And he seeks only injunctive relief. (*Id.* at 5). After conducting initial screening pursuant to 28 U.S.C. § 1915A,[1] Mr. Pelfrey's Complaint must be

[1] Section 1915A provides, in pertinent part, that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious,

dismissed for failure to state a claim upon which relief may be granted.

First, in a section 1983 action filed by a prisoner, a request for injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quotation omitted). Mr. Pelfrey is no longer at Land O'Lakes Detention Center; he is now detained in a jail in Pennsylvania. (Doc. 2). Consequently, his action for injunctive relief is moot.

Second, even if this action were not moot, it would be dismissed for failure to exhaust administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner or detainee must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted"). Although a prisoner or detainee is not required to plead exhaustion, a court may dismiss a complaint under 28 U.S.C. § 1915A(b) if the lack of exhaustion appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (noting

---

or fails to state a claim upon which relief may be granted . . . ."

that the Federal Rules of Civil Procedure generally apply to section 1997(e) and Rule 12(b)(6) allows for dismissal when an affirmative defense appears on the face of the complaint). Mr. Pelfrey admits in his Complaint that the grievance he filed at the jail about the issue he raised in this action is still "pending," and he has "not yet" completed the grievance process. (Doc. 1 at 7). Thus, it is apparent from the face of Mr. Pelfrey's Complaint that he did not fully exhaust his administrative remedies before filing suit.

Accordingly, this action is **DISMISSED** without prejudice. The Clerk must enter judgment against Mr. Pelfrey and close this case.

**DONE and ORDERED in Tampa, Florida, on July 28, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE